# EXHIBIT A

# State Court Pleadings

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

## I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>EIGHTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>LEVY</u>   COUNTY, FLORIDA

<u>Julijana Prest</u>
Plaintiff                                                  Case # _____
                                                            Judge _____

vs.

<u>Edward Budnick Jr, Melissa Nash</u>
Defendant

## II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

- ☐ $8,000 or less
- ☐ $8,001 - $30,000
- ☐ $30,001- $50,000
- ☐ $50,001- $75,000
- ☐ $75,001 - $100,000
- ☒ over $100,000.00

## III.    TYPE OF CASE    (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence—other
      ☐ Business governance
      ☐ Business torts
      ☐ Environmental/Toxic tort
      ☐ Third party indemnification
      ☐ Construction defect
      ☐ Mass tort
      ☐ Negligent security
      ☐ Nursing home negligence
      ☐ Premises liability—commercial
      ☒ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
      ☐ Commercial foreclosure
      ☐ Homestead residential foreclosure
      ☐ Non-homestead residential foreclosure
      ☐ Other real property actions

☐ Professional malpractice
      ☐ Malpractice—business
      ☐ Malpractice—medical
      ☐ Malpractice—other professional
☐ Other
      ☐ Antitrust/Trade regulation
      ☐ Business transactions
      ☐ Constitutional challenge—statute or ordinance
      ☐ Constitutional challenge—proposed amendment
      ☐ Corporate trusts
      ☐ Discrimination—employment or other
      ☐ Insurance claims
      ☐ Intellectual property
      ☐ Libel/Slander
      ☐ Shareholder derivative action
      ☐ Securities litigation
      ☐ Trade secrets
      ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
  ☐ Residential Evictions
  ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.   Yes ☐ No ☒

**IV. REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V. NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

 1

**VI. IS THIS CASE A CLASS ACTION LAWSUIT?**
  ☐ yes
  ☒ no

**VII. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
  ☒ no
  ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII. IS JURY TRIAL DEMANDED IN COMPLAINT?**
  ☒ yes
  ☐ no

**IX. DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
  ☐ yes
  ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Mitchell H Chubb      Fla. Bar # 99723
   Attorney or party         (Bar # if attorney)

Mitchell H Chubb       12/15/2022
 (type or print name)        Date

- 3 -

Case 1:23-cv-00023-AW-ZCB   Document 1-1   Filed 02/02/23   Page 5 of 48

IN THE CIRCUIT COURT OF THE
EIGHTH JUDICIAL CIRCUIT IN AND
FOR LEVY COUNTY, FLORIDA

CASE NO.:

JULIJANA PREST,

       Plaintiff,

v.

EDWARD BUDNICK, JR. and
MELISSA NASH,

       Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JULIJANA PREST ("MS. PREST"), by and through undersigned counsel, hereby brings this cause of action against Defendants, EDWARD BUDNICK, JR. ("BUDNICK") and MELISSA NASH, ("NASH"), and in support thereof states:

1.     This cause of action is for damages in excess of $30,000.00, exclusive of interest, attorney's fees, and costs.

2.     At all times material hereto, Plaintiff was and is a resident of Citrus Springs, Citrus County, Florida.

3.     At all times material hereto, BUDNICK and NASH owned and controlled the rental property located at 16551 Heron Lane, Cedar Key, Levy County, Florida.

4.     Venue is proper in this Court as the cause of action arose in Levy County, Florida, and Defendants conduct business there.

## FACTUAL ALLEGATIONS

5.      On or about January 3, 2022, Plaintiff, MS. PREST, was a guest at the rental property located at 16551 Heron Lane, in Cedar Key, Florida ("the Property").

6.      Defendants, BUDNICK and NASH, owned and controlled the Property and were responsible for the premises' management, operation, maintenance, and repair, and otherwise keeping the Property free of any unreasonably dangerous conditions. At all times material hereto, Defendants, BUDNICK and NASH, had a duty to use reasonable care to ensure that the Property was reasonably safe for use by guests, such as the Plaintiff.

7.      Importantly, the Property had a long narrow dock which, depending upon water level, was at times over 10 feet above the water.



*Photograph of the Subject Dock*

8.      Notably, the Subject Dock did not have any guardrails or other protective devices to protect renters from falling off of it.

9.      On or about January 3, 2022, MS. PREST was standing on the Subject Dock during low tide. There was only about a foot of water and layers of thick mud below.

10.      As Mrs. PREST was enjoying her family, with her back towards the water, she took a small step back, and fell nearly ten feet down off the dock and into the shallow water and

2

unforgiving mud below. She landed with straight legs on her left foot, dislocating her left knee and severing all of the ligaments.

11.     As a result of the fall, MS. PREST suffered life-altering injuries ("Subject Incident").

**COUNT I**
**NEGLIGENCE AGAINST BUDNICK AND NASH**

12.     Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 11 as fully set forth herein.

13.     At all times material hereto, Defendants owed a duty of reasonable care to maintain the premises in a reasonably safe condition for the safety of business invitees on the premises. This duty included the management, operation, maintenance, and repair, and otherwise keeping the premises free of any unreasonably dangerous conditions that caused the Subject Incident, which might foreseeably give rise to loss, injury, or damage.

14.     Additionally, Defendants owed a non-delegable duty to persons in the foreseeable zone of risk, including business invitees, to keep the property in a reasonably safe condition, this duty includes providing guardrails or other protective measures to the Subject Dock and to warn of concealed or hidden dangers which were known or should have been known to Defendants, which were unknown to persons in the foreseeable zone of risk, including guests, and which could not be discovered by persons in the foreseeable zone of risk, including residents, through the exercise of reasonable care.

15.     The absence of guardrails or other protective measures placed the Subject Dock in an unreasonably dangerous condition and constituted concealed and hidden dangers which were unknown to guests, including MS. PREST, and could not be discovered by guests, including MS. PREST, through the exercise of reasonable care.

16.     Said conduct by the Defendants breached its duty of reasonable care, and Defendants failed to exercise reasonable care in the maintenance, inspection, warning, or mode of operation of the Defendants' premises and despite having actual or constructive notice of the dangerous condition, failed to keep the property in a reasonably safe condition and failed to warn Plaintiff of concealed dangers.

17.     As a direct and proximate result of Defendants' failure to exercise reasonable care, Plaintiff suffered injuries and damages including, but not limited to, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, inconvenience, physical impairment, loss of capacity for the enjoyment of life, expense of past and future hospitalization, medical and nursing care and treatment, loss of ability to earn money, and aggravation of a pre-existing condition. These injuries and losses are permanent and continuing, and MS. PREST will suffer the injuries and losses into the future.

18.     Additionally, as a direct and proximate result of Defendants', BUDNICK and NASH, negligence in causing the Subject Incident, Defendants have caused MS. PREST to activate and/or aggravate certain pre-existing conditions.

WHEREFORE, Plaintiff, JULIJANA PREST, demands judgment against Defendants, BUDNICK and NASH, and seeks compensatory damages in excess of the sum of Thirty Thousand Dollars ($30,000.00), plus interest, and recoverable costs, and further demands a trial by jury on all issues so triable.

## JURY DEMAND

Plaintiff, JULIJANA PREST, hereby demands a trial by jury on all issues so triable.

WHEREFORE, Plaintiff, JULIJANA PREST, prays that upon final judgment, she may have and recover: judgment against Defendants, EDWARD BUDNICK, JR.  and MELISSA

NASH, pre-judgment interest as allowed by law; post-judgment interest as allowed by law; actual

damages; costs and expenses of suit; and any other such relief, at law or equity, to which Plaintiff

may be justly entitled.

     Dated this 15th day of December, 2022.

/s/ Mitch Chubb
Mitch Chubb, ESQUIRE
Florida Bar No.: 99723
**CHUBB LAW, PA**
250 International Parkway, Suite 108
Lake Mary, FL 32746
Phone: (407) 777-4382
Facsimile: (407) 634-5007
Primary Email: mitch@chubbfirm.com
Secondary Email: andrea@chubbfirm.com
*Counsel for Plaintiff*

/s/ Lora Wilson, Esq.
LORA WILSON, ESQUIRE
Florida Bar No.: 98728
**Law Office of Lora L. Wilson, PL**
408 Lake Street
Inverness, FL 34450
Phone: (352) 637-1960
Facsimile: (352) 637-5960
Primary Email: lorawilsonlaw@gmail.com
*Counsel for Plaintiff*

UNOFFICIAL DOCUMENT

IN THE CIRCUIT COURT OF THE EIGHTH
JUDICIAL CIRCUIT IN AND FOR LEVY
COUNTY, FLORIDA

CASE NO.: **38-2022-CA-000250**

JULIJANA PREST,

      Plaintiff,

v.

EDWARD BUDNICK, JR. and
MELISSA NASH,

      Defendants.

_____/

## **SUMMONS**

THE STATE OF FLORIDA:

TO ALL AND SINGULAR THE SHERIFFS OF SAID STATE:

      You are hereby commanded to serve this Summons and a copy of the Complaint, First Interrogatories, and First Request for Production in this action upon the Defendant:

**EDWARD BUDNICK, JR.**
**By serving him individually:**
**398 E. Evergreen Ave, Philadelphia, PA 19118**

      Each Defendant is required to serve written defenses to the complaint or petition on Mitchell Chubb, Esq., of Chubb Law Firm, 250 International Parkway, Suite 108, Lake Mary, FL 32746 within twenty (20) days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorneys or immediately thereafter; as well as responses to the Interrogatories and Request for Production served herein within forty-five (45) days after service of the Summons on that Defendant. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

      WITNESS my hand and seal of this Court on **DECEMBER 19**, 2022.

                          **Danny J. Shipp**
                          As Clerk of said Court

                          */S/ Danny J. Shipp*
      By: _____
                        *By: LBonnell, DC*

                  eSigned: 12/19/2022 15:58:49 PM

      As Deputy Clerk

MITCHELL H. CHUBB, ESQUIRE
Florida Bar No.: 99723
**CHUBB LAW**
250 International Parkway, Suite 108
Lake Mary, FL 32746
Phone: (407) 777-4382
Facsimile: (407) 654-5007
Primary Email: mitch@chubbfirm.com
Secondary Email: andrea@chubbfirm.com
*Attorney for Plaintiff*

PROCEEDINGS IN A LEVY COUNTY PUBLIC FACILITY: If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Court Administration at (352) 486-5266 Ext. 1253 within 2 working days of your receipt of this notice; if you are hearing or voice impaired, call 1-800-955-8771.

**IMPORTANT**

A lawsuit has been filed against you. You have 20 calendar days after this Summons is served on you to file a written response to the attached Complaint with the Clerk of this Court. A phone call will not protect you; your written responses, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case/if you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

**IMPORTANTE**

Usted ha sido demandado legalmente. Tiene veinte (20) dias contados, a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres del las partes interesadas en dicho caso. Se usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser desojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted cosultar a un abogado immediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aprencen en la gufa telefonica.

Se desea responder a la demanda por su cuenta, al mismo tiempo en que presenta sus respuesta ante el tribunal, debera usted enviar por correo, o entregar una copia de su respuesta a la persona denonimada abaja como "Plaintiff/Plaintiff's Attorney." (Demandante o Abogado del Demandante).

**IMPORTANT**

Des poursuites judiciaires ont ele entreprises contre vous. Vous avez 20 jours consecutifs partir de la date de l'assignation de ceue citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous protegar; vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entend votre cause. So vous ne deposez pas votre reponse ecrite dans le relai requis, vous risque de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocai. Si vous ne connaissez pas d'avocat, vous pouriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurante a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme tempo que cella formallia, faire parvenir ou aspedier une copie su carbona ou une phocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney." (Plaingnant ou a son avocat) nomme ci-dessous.

MITCHELL H. CHUBB, ESQUIRE
Florida Bar No.: 99723
**CHUBB LAW**
250 International Parkway, Suite 108
Lake Mary, FL 32746
Phone: (407) 777-4382
Facsimile: (407) 654-5007
Primary Email: mitch@chubbfirm.com
Secondary Email: andrea@chubbfirm.com
*Attorney for Plaintiff*

3

Case 1:23-cv-00023-AW-ZCB   Document 1-1   Filed 02/02/23   Page 13 of 48

IN THE CIRCUIT COURT OF THE EIGHTH
JUDICIAL CIRCUIT IN AND FOR LEVY
COUNTY, FLORIDA

CASE NO.: **38-2022-CA-000250**

JULIJANA PREST,

       Plaintiff,

v.

EDWARD BUDNICK, JR. and
MELISSA NASH,

       Defendants.

_____/

## <u>SUMMONS</u>

THE STATE OF FLORIDA:

TO ALL AND SINGULAR THE SHERIFFS OF SAID STATE:

     You are hereby commanded to serve this Summons and a copy of the Complaint, First
Interrogatories, and First Request for Production in this action upon the Defendant:

**MELISSA NASH**
**By serving her individually:**
**398 E. Evergreen Ave, Philadelphia, PA 1911**

     Each Defendant is required to serve written defenses to the complaint or petition on Mitchell
Chubb, Esq., of Chubb Law Firm, 250 International Parkway, Suite 108, Lake Mary, FL 32746 within
twenty (20) days after service of this Summons on that Defendant, exclusive of the day of service, and
to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's
attorneys or immediately thereafter; as well as responses to the Interrogatories and Request for
Production served herein within forty-five (45) days after service of the Summons on that Defendant. If
a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the
Complaint or Petition.

     WITNESS my hand and seal of this Court on ___**DECEMBER 19**___, 2022.

                     **Danny J. Shipp**
                     As Clerk of said Court

                     */S/ Danny J. Shipp*
     By: _____ *By: LBonnell, DC*

             eSigned: 12/19/2022 15:59:31 PM
     As Deputy Clerk

MITCHELL H. CHUBB, ESQUIRE
Florida Bar No.: 99723
**CHUBB LAW**
250 International Parkway, Suite 108
Lake Mary, FL 32746
Phone: (407) 777-4382
Facsimile: (407) 654-5007
Primary Email: mitch@chubbfirm.com
Secondary Email: andrea@chubbfirm.com
*Attorney for Plaintiff*

PROCEEDINGS IN A LEVY COUNTY PUBLIC FACILITY: If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Court Administration at (352) 486-5266 Ext. 1253 within 2 working days of your receipt of this notice; if you are hearing or voice impaired, call 1-800-955-8771.

**IMPORTANT**

A lawsuit has been filed against you. You have 20 calendar days after this Summons is served on you to file a written response to the attached Complaint with the Clerk of this Court. A phone call will not protect you; your written responses, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case/if you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

**IMPORTANTE**

Usted ha sido demandado legalmente. Tiene veinte (20) dias contados, a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres del las partes interesadas en dicho caso. Se usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser desojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted cosultar a un abogado immediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aprencen en la gufa telefonica.

Se desea responder a la demanda por su cuenta, al mismo tiempo en que presenta sus respuesta ante el tribunal, debera usted enviar por correo, o entregar una copia de su respuesta a la persona denonimada abaja como "Plaintiff/Plaintiff's Attorney." (Demandante o Abogado del Demandante).

**IMPORTANT**

Des poursuites judiciaires ont ele entreprises contre vous. Vous avez 20 jours consecutifs partir de la date de l'assignation de ceue citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous protegar; vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entend votre cause. So vous ne deposez pas votre reponse ecrite dans le relai requis, vous risque de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocai. Si vous ne connaissez pas d'avocat, vous pouriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurante a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme tempo que cella formallia, faire parvenir ou aspedier une copie su carbona ou una phocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney." (Plaingnant ou a son avocat) nomme ci-dessous.

MITCHELL H. CHUBB, ESQUIRE
Florida Bar No.: 99723
**CHUBB LAW**
250 International Parkway, Suite 108
Lake Mary, FL 32746
Phone: (407) 777-4382
Facsimile: (407) 654-5007
Primary Email: mitch@chubbfirm.com
Secondary Email: andrea@chubbfirm.com
*Attorney for Plaintiff*

IN THE CIRCUIT COURT OF THE EIGHTH
JUDICIAL CIRCUIT IN AND FOR LEVY
COUNTY, FLORIDA

CASE NO.: **38-2022-CA-000250**

JULIJANA PREST,

      Plaintiff,

v.

EDWARD BUDNICK, JR. and
MELISSA NASH,

      Defendants.

_____/

## SUMMONS

THE STATE OF FLORIDA:

TO ALL AND SINGULAR THE SHERIFFS OF SAID STATE:

      You are hereby commanded to serve this Summons and a copy of the Complaint, First Interrogatories, and First Request for Production in this action upon the Defendant:

**MELISSA NASH**
**By serving her individually:**
**398 E. Evergreen Ave, Philadelphia, PA 1911**

      Each Defendant is required to serve written defenses to the complaint or petition on Mitchell Chubb, Esq., of Chubb Law Firm, 250 International Parkway, Suite 108, Lake Mary, FL 32746 within twenty (20) days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorneys or immediately thereafter; as well as responses to the Interrogatories and Request for Production served herein within forty-five (45) days after service of the Summons on that Defendant. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

      WITNESS my hand and seal of this Court on  **DECEMBER 19** , 2022.

                                   **Danny J. Shipp**
                                   As Clerk of said Court

                                   */S/ Danny J. Shipp*
                By: _____ *By: LBonnell, DC*
                         eSigned: 12/19/2022 15:59:31 PM
                As Deputy Clerk

MITCHELL H. CHUBB, ESQUIRE
Florida Bar No.: 99723
**CHUBB LAW**
250 International Parkway, Suite 108
Lake Mary, FL 32746
Phone: (407) 777-4382
Facsimile: (407) 654-5007
Primary Email: mitch@chubbfirm.com
Secondary Email: andrea@chubbfirm.com
*Attorney for Plaintiff*

PROCEEDINGS IN A LEVY COUNTY PUBLIC FACILITY: If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Court Administration at (352) 486-5266 Ext. 1253 within 2 working days of your receipt of this notice; if you are hearing or voice impaired, call 1-800-955-8771.

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this Summons is served on you to file a written response to the attached Complaint with the Clerk of this Court. A phone call will not protect you; your written responses, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case/if you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) dias contados, a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres del las partes interesadas en dicho caso. Se usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser desojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted cosultar a un abogado immediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aprencen en la gufa telefonica.

Se desea responder a la demanda por su cuenta, al mismo tiempo en que presenta sus respuesta ante el tribunal, debera usted enviar por correo, o entregar una copia de su respuesta a la persona denonimada abaja como "Plaintiff/Plaintiff's Attorney." (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciaires ont ele entreprises contre vous. Vous avez 20 jours consecutifs partir de la date de l'assignation de ceue citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous protegar; vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entend votre cause. So vous ne deposez pas votre reponse ecrite dans le relai requis, vous risque de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocai. Si vous ne connaissez pas d'avocat, vous pouriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurante a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme tempo que cella formallia, faire parvenir ou aspedier une copie su carbona ou una phocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney." (Plaingnant ou a son avocat) nomme ci-dessous.

MITCHELL H. CHUBB, ESQUIRE
Florida Bar No.: 99723
**CHUBB LAW**
250 International Parkway, Suite 108
Lake Mary, FL 32746
Phone: (407) 777-4382
Facsimile: (407) 654-5007
Primary Email: mitch@chubbfirm.com
Secondary Email: andrea@chubbfirm.com
*Attorney for Plaintiff*

IN THE CIRCUIT COURT OF THE
EIGHTH JUDICIAL CIRCUIT IN AND
FOR LEVY COUNTY, FLORIDA

CASE NO.:

JULIJANA PREST,

       Plaintiff,

v.

EDWARD BUDNICK, JR. and
MELISSA NASH,

       Defendants.

_____/

## PLAINTIFF'S NOTICE OF SERVING FIRST INTERROGATORIES TO <u>DEFENDANT, EDWARD BUDNICK, JR.</u>

      Plaintiff, JULIJANA PREST, by and through undersigned counsel, and pursuant to Rule 1.340, *Florida Rules of Civil Procedure*, hereby gives Notice of Serving First Interrogatories to Defendant, EDWARD BUDNICK. JR., to be answered in writing under oath within forty-five (45) days of the date of service hereof.

      (Certificate of Service to follow)

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished to

the Defendant via service of process simultaneously together with the service of the Summons and

Complaint in the above action.

Dated this 15th day of December, 2022.

/s/ Mitch Chubb
Mitch Chubb, ESQUIRE
Florida Bar No.: 99723
**CHUBB LAW, PA**
250 International Parkway, Suite 108
Lake Mary, FL 32746
Phone: (407) 777-4382
Facsimile: (407) 634-5007
Primary Email: mitch@chubbfirm.com
Secondary Email: andrea@chubbfirm.com
*Counsel for Plaintiff*

/s/ Lora Wilson, Esq.
LORA WILSON, ESQUIRE
Florida Bar No.: 98728
**Law Office of Lora L. Wilson, PL**
408 Lake Street
Inverness, FL 34450
Phone: (352) 637-1960
Facsimile: (352) 637-5960
Primary Email: lorawilsonlaw@gmail.com
*Counsel for Plaintiff*

## **Definitions**

1.      "You,"    "your," "yourself"  or "BUDNICK"  means  Defendant,  EDWARD BUDNICK, JR.

2.      "Persons"  means  any  individual,  corporation,  firm,  association,  partnership,  joint venture or any other business or legal entity, agents or representatives.

3.      "Correspondence"  means  all  letters,  memoranda,  notes  or  other  writings  prepared and/or  delivered  from  or  to  Defendant,  whether  by  mail,  messenger  or  any  other  means. "Correspondence"  also  includes  any  notes,  memoranda  or  other  writings  prepared  by  Defendant relating to any telephone conversations, meetings, discussions, conferences or other dialogues.

4.      "Document"  means  all  written,  reported,  recorded  graphic  matter  or correspondence, software, computer records, magnetic memory cards, account logs, inspections, surveys, reports, tests or examinations, rules, regulations, ordinances, guidelines, criteria or codes, plans or specifications, statements, memoranda, files, addenda, or bulletins, time records, progress schedules or change orders, job logs, job records or job schedules, draw or disbursement requests, contracts,  subcontracts,  notes  for  oral  agreements  or  informal  written  agreements,  drawings, videotapes or photographs however produced or reproduced, now or any time in your possession, custody or control.  The document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person or public or private entity having physical possession thereof.  If a document required to be identified by these interrogatories was, but is no longer in your possession or subject to your control, state what disposition was made of it and the date or dates, or approximate date or dates, on which such disposition was made.  If a document was transferred, given or delivered to another person, identify the person.  Plaintiff references and incorporates the "Preamble" as stated above into this definition.

5.      "Identify" shall mean the following:

     a.      When used in reference to a person, identify refers to the following information:  the person's name,  present  employer,  present  address, immediate supervisor, length of time employed by you, all titles or positions held with you since 1960, job description for each title or position and whether there exists a document describing such description.

     b.      When referring to a document, identify refers to the following information: Name of document, substance of document, the reasons the document was prepared, the date the document was prepared and executed, identification of the person or persons who prepared the document and identification of the present custodian of the document.

     c.      When referring to something other than a person or document, identify means to provide a description sufficient to distinguish the thing identified from other things of a similar nature.

6.     Whenever appropriate, the singular form of a word should be interpreted in the plural and vice versa.

7.     Whenever appropriate, the conjunctive term "and" should be interpreted in the disjunctive, to include the term "or" and vice versa.

8.     "The Property" refers to the property located at 16551 Heron Lane, in Cedar Key, Florida.

9.     "Subject Dock" refers to the dock located at the Property.

10.     "Subject Incident" refers to the fall on January 3, 2022, where Plaintiff fell off a dock at a rental property owned by Defendants, which is referenced in Plaintiff's Complaint.

## <u>FIRST INTERROGATORIES TO DEFENDANT,</u>
## <u>EDWARD BUDNICK, JR.</u>

1.  What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

    **<u>ANSWER:</u>**

2.  Describe any and all policies of insurance which you contend cover or may cover you for the allegations set forth in Complaint, detailing as to such policies the name of the insurer, the number of the policy, the effective dates of the policy, the available limits of liability, and the name and address of the custodian of the policy.

    **<u>ANSWER:</u>**

3.  Describe in detail each act or omission on the part of any party to this lawsuit that you contend constituted negligence that was a contributing legal cause of the incident in question.

    **<u>ANSWER:</u>**

4.  State the facts upon which you rely for each affirmative defense contained in your Answer to the Complaint.

    **<u>ANSWER:</u>**

5.      Do you contend any person or entity other than you is, or may be, liable in whole or part for the claims asserted against you in this lawsuit?  If so, state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not you have notified each such person or entity of your contention.

**ANSWER:**

6.      List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.

**ANSWER:**

7.      Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit?  If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement.

**ANSWER:**

8.      State the name and address of every person known to you, your agents, or your attorneys who has knowledge about, or possession, custody, or control of, any model, plat, map, drawing, motion picture, videotape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

**ANSWER:**

9.      Have you made an agreement with anyone that would limit that party's liability to anyone for any of the damages sued upon in this case?  If so, state the terms of the agreement and the parties to it.

**ANSWER:**

10.     Please state if you have ever been a party, either plaintiff or defendant, in a lawsuit other than the present matter, and, if so, state whether you were plaintiff or defendant, the nature of the action, and the date and court in which such suit was filed.

**ANSWER:**

_____

EDWARD BUDNICK, JR.

STATE OF _____

COUNTY OF _____

**BEFORE ME**, the undersigned authority, appeared _____,

who is personally known to me or who has produced _____

as identification and after being first duly sworn by me, deposes and says that he/she executed the

foregoing Interrogatories and they are true and correct to the best of his/her knowledge,

information and belief.

Sworn to and subscribed before me this _____ day of _____, 2023.

_____

Notary Public, State of _____

My Commission Expires:

8

IN THE CIRCUIT COURT OF THE
EIGHTH JUDICIAL CIRCUIT IN AND
FOR LEVY COUNTY, FLORIDA

CASE NO.:

JULIJANA PREST,

       Plaintiff,

v.

EDWARD BUDNICK, JR. and
MELISSA NASH,

       Defendants.

_____/

## PLAINTIFF'S NOTICE OF SERVING FIRST INTERROGATORIES TO DEFENDANT, MELISSA NASH

Plaintiff, JULIJANA PREST, by and through undersigned counsel, and pursuant to Rule 1.340, *Florida Rules of Civil Procedure*, hereby gives Notice of Serving First Interrogatories to Defendant, MELISSA NASH, to be answered in writing under oath within forty-five (45) days of the date of service hereof.

(Certificate of Service to follow)

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished to the Defendant via service of process simultaneously together with the service of the Summons and Complaint in the above action.

Dated this 15th day of December, 2022.

/s/ Mitch Chubb
Mitch Chubb, ESQUIRE
Florida Bar No.: 99723
**CHUBB LAW, PA**
250 International Parkway, Suite 108
Lake Mary, FL 32746
Phone: (407) 777-4382
Facsimile: (407) 634-5007
Primary Email: mitch@chubbfirm.com
Secondary Email: andrea@chubbfirm.com
*Counsel for Plaintiff*

/s/ Lora Wilson, Esq.
LORA WILSON, ESQUIRE
Florida Bar No.: 98728
**Law Office of Lora L. Wilson, PL**
408 Lake Street
Inverness, FL 34450
Phone: (352) 637-1960
Facsimile: (352) 637-5960
Primary Email: lorawilsonlaw@gmail.com
*Counsel for Plaintiff*

## **Definitions**

1.      "You,"  "your," "yourself" or "NASH" means Defendant, MELISSA NASH.

2.      "Persons" means any individual, corporation, firm, association, partnership, joint venture or any other business or legal entity, agents or representatives.

3.      "Correspondence" means all letters, memoranda, notes or other writings prepared and/or delivered from or to Defendant, whether by mail, messenger or any other means. "Correspondence" also includes any notes, memoranda or other writings prepared by Defendant relating to any telephone conversations, meetings, discussions, conferences or other dialogues.

4.      "Document" means all written, reported, recorded graphic matter or correspondence, software, computer records, magnetic memory cards, account logs, inspections, surveys, reports, tests or examinations, rules, regulations, ordinances, guidelines, criteria or codes, plans or specifications, statements, memoranda, files, addenda, or bulletins, time records, progress schedules or change orders, job logs, job records or job schedules, draw or disbursement requests, contracts, subcontracts, notes for oral agreements or informal written agreements, drawings, videotapes or photographs however produced or reproduced, now or any time in your possession, custody or control.  The document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person or public or private entity having physical possession thereof.  If a document required to be identified by these interrogatories was, but is no longer in your possession or subject to your control, state what disposition was made of it and the date or dates, or approximate date or dates, on which such disposition was made.  If a document was transferred, given or delivered to another person, identify the person.  Plaintiff references and incorporates the "Preamble" as stated above into this definition.

5.      "Identify" shall mean the following:

   a.      When used in reference to a person, identify refers to the following information: the person's name, present employer, present address, immediate supervisor, length of time employed by you, all titles or positions held with you since 1960, job description for each title or position and whether there exists a document describing such description.

   b.      When referring to a document, identify refers to the following information: Name of document, substance of document, the reasons the document was prepared, the date the document was prepared and executed, identification of the person or persons who prepared the document and identification of the present custodian of the document.

   c.      When referring to something other than a person or document, identify means to provide a description sufficient to distinguish the thing identified from other things of a similar nature.

6.     Whenever appropriate, the singular form of a word should be interpreted in the plural and vice versa.

7.     Whenever appropriate, the conjunctive term "and" should be interpreted in the disjunctive, to include the term "or" and vice versa.

8.     "The Property" refers to the property located at 16551 Heron Lane, in Cedar Key, Florida.

9.     "Subject Dock" refers to the dock located at the Property.

10.     "Subject Incident" refers to the fall on January 3, 2022, where Plaintiff fell off a dock at a rental property owned by Defendants, which is referenced in Plaintiff's Complaint.

## FIRST INTERROGATORIES TO DEFENDANT, MELISSA NASH

1.    What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

**ANSWER:**

2.    Describe any and all policies of insurance which you contend cover or may cover you for the allegations set forth in Complaint, detailing as to such policies the name of the insurer, the number of the policy, the effective dates of the policy, the available limits of liability, and the name and address of the custodian of the policy.

**ANSWER:**

3.    Describe in detail each act or omission on the part of any party to this lawsuit that you contend constituted negligence that was a contributing legal cause of the incident in question.

**ANSWER:**

4.    State the facts upon which you rely for each affirmative defense contained in your Answer to the Complaint.

**ANSWER:**

5.      Do you contend any person or entity other than you is, or may be, liable in whole or part for the claims asserted against you in this lawsuit?  If so, state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not you have notified each such person or entity of your contention.

**<u>ANSWER:</u>**

6.       List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.

**<u>ANSWER:</u>**

7.      Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit?  If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement.

**<u>ANSWER:</u>**

8.      State the name and address of every person known to you, your agents, or your attorneys who has knowledge about, or possession, custody, or control of, any model, plat, map, drawing, motion picture, videotape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

   **ANSWER:**

9.      Have you made an agreement with anyone that would limit that party's liability to anyone for any of the damages sued upon in this case?  If so, state the terms of the agreement and the parties to it.

   **ANSWER:**

10.     Please state if you have ever been a party, either plaintiff or defendant, in a lawsuit other than the present matter, and, if so, state whether you were plaintiff or defendant, the nature of the action, and the date and court in which such suit was filed.

   **ANSWER:**

_____

MELISSA NASH

STATE OF _____

COUNTY OF _____

      **BEFORE ME**, the undersigned authority, appeared _____,

who is personally known to me or who has produced _____

as identification and after being first duly sworn by me, deposes and says that he/she executed the

foregoing Interrogatories and they are true and correct to the best of his/her knowledge,

information and belief.

      Sworn to and subscribed before me this _____ day of _____, 2023.

_____

Notary Public, State of _____

My Commission Expires:

IN THE CIRCUIT COURT OF THE
EIGHTH JUDICIAL CIRCUIT IN AND
FOR LEVY COUNTY, FLORIDA

CASE NO.:

JULIJANA PREST,

      Plaintiff,

v.

EDWARD BUDNICK, JR. and
MELISSA NASH,

      Defendants.

_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO
## DEFENDANT, EDWARD BUDNICK, JR.

Plaintiff, JULIJANA PREST, by and through the undersigned counsel, and pursuant to Rule

1.350, *Florida Rules of Civil Procedure*, requests Defendants, EDWARD BUDNICK, JR., produce

and permit the inspection and copying of the following documents, writings, and other data within

forty-five (45) days from the date of service hereof:

### Definitions

1.       "You," "your," "yourself" or "BUDNICK" means Defendant, EDWARD
BUDNICK, JR..

2.       "Persons" means any individual, corporation, firm, association, partnership, joint
venture or any other business or legal entity, agents or representatives.

3.       "Correspondence" means all letters, memoranda, notes or other writings prepared
and/or delivered from or to Defendant, whether by mail, messenger or any other means.
"Correspondence" also includes any notes, memoranda or other writings prepared by Defendant
relating to any telephone conversations, meetings, discussions, conferences or other dialogues.

4.       "Document" means all written, reported, recorded graphic matter or
correspondence, software, computer records, magnetic memory cards, account logs, inspections,
surveys, reports, tests or examinations, rules, regulations, ordinances, guidelines, criteria or codes,
plans or specifications, statements, memoranda, files, addenda, or bulletins, time records, progress
schedules or change orders, job logs, job records or job schedules, draw or disbursement requests,

contracts, subcontracts, notes for oral agreements or informal written agreements, drawings, videotapes or photographs however produced or reproduced, now or any time in your possession, custody or control. The document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person or public or private entity having physical possession thereof. If a document required to be identified by these interrogatories was, but is no longer in your possession or subject to your control, state what disposition was made of it and the date or dates, or approximate date or dates, on which such disposition was made. If a document was transferred, given or delivered to another person, identify the person. Plaintiff references and incorporates the "Preamble" as stated above into this definition.

5.      "Identify" shall mean the following:

      a.      When used in reference to a person, identify refers to the following information: the person's name, present employer, present address, immediate supervisor, length of time employed by you, all titles or positions held with you since 1960, job description for each title or position and whether there exists a document describing such description.

      b.      When referring to a document, identify refers to the following information: Name of document, substance of document, the reasons the document was prepared, the date the document was prepared and executed, identification of the person or persons who prepared the document and identification of the present custodian of the document.

      c.      When referring to something other than a person or document, identify means to provide a description sufficient to distinguish the thing identified from other things of a similar nature.

6.      Whenever appropriate, the singular form of a word should be interpreted in the plural and vice versa.

7.      Whenever appropriate, the conjunctive term "and" should be interpreted in the disjunctive, to include the term "or" and vice versa.

8.      "The Property" refers to the property located at 16551 Heron Lane, in Cedar Key, Florida.

9.      "Subject Dock" refers to the dock located at the Property.

10.     "Subject Incident" refers to the fall on January 3, 2022, where Plaintiff fell off a dock at a rental property owned by Defendants, which is referenced in Plaintiff's Complaint.

## **DOCUMENTS REQUESTED FROM DEFENDANT, MELISSA NASH**

1.        Certified copies of any and all insurance policies, including the complete policy/policies with deletions, riders, exceptions, addendums, and modifications, issued to MELISSA NASH, or to any other person or entity, which may offer coverage for the injuries sustained by Plaintiff, due to the incident described in Plaintiff's Complaint.

2.        Copies of any and all written statements of any and all witnesses or persons (including, but not limited to, any witnesses to the incident and any parties) concerning the incident described in Plaintiff's Complaint. If you claim any such statements are privileged, please provide a detailed and adequate privilege log so that Plaintiff can assess the applicability of the privilege.

3.        Copies of all incident reports or any document and/or report concerning the Subject Incident. If you claim any such statements are privileged, please provide a detailed and adequate privilege log so that Plaintiff can assess the applicability of the privilege.

4.        Any and all surveys, floor plans, drawings, diagrams, plats, maps, or sketches of the incident or incident scene.

5.        Any and all surveys, floor plans, drawings, diagrams, plats, maps, blue prints, or sketches of the Subject Dock.

6.        Any and all photographs, videotapes, or movies depicting the Subject Incident.

7.        Photographs, videotapes and/or reports pertaining to surveillance of Plaintiff.

8.        Any and all records reflecting or mentioning the maintenance, repair, any work or inspection of the Subject Dock from January 3, 2022 to the present.

9.        Any and all records reflecting or mentioning the maintenance, repair, any work or inspection of the Subject Dock for the 5 years prior to January 3, 2022.

3

10.     Any and all records reflecting or mentioning any inspection of the Subject Dock from January 3, 2022 to the present.

11.     Any and all contracts between NASH and any other person or entity, related to the operation, inspection, monitoring, and/or maintenance of the Property in effect from December 1, 2021 to February 28, 2022.

12.     Any and all contracts between NASH and any other person or entity, related to the operation, inspection, monitoring, and/or maintenance of the Subject Dock in effect from December 1, 2021 to February 28, 2022

13.     Any and all documents reflecting or related to incidents prior to the date of the Subject Incident where an injury occurred on the Subject Dock. This request includes any and all documents which mention or contain information (including statements) regarding such incidents, and documents reflecting steps taken in response to such incidents.

14.     Any and all documents reflecting or related to complaints or statements concerning the Subject Dock.

15.     Any and all policies and procedures or other information related to the use of the Subject Dock by guests in effect from January 1, 2021 through February 28, 2022.

16.     Any and all documents which show or reference your attempts to ensure it was safe for use by guests.

**NOTE:  THE DOCUMENTS REQUESTED HEREIN ARE REQUESTED TO BE PRODUCED IN ELECTRONIC FORMAT.**

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to the Defendant via service of process simultaneously together with the service of the Summons and Complaint in the above action.

Dated this 15th day of December, 2022.

/s/ Mitch Chubb
Mitch Chubb, ESQUIRE
Florida Bar No.: 99723
**CHUBB LAW, PA**
250 International Parkway, Suite 108
Lake Mary, FL 32746
Phone: (407) 777-4382
Facsimile: (407) 634-5007
Primary Email: mitch@chubbfirm.com
Secondary Email: andrea@chubbfirm.com
*Counsel for Plaintiff*

/s/ Lora Wilson, Esq.
LORA WILSON, ESQUIRE
Florida Bar No.: 98728
**Law Office of Lora L. Wilson, PL**
408 Lake Street
Inverness, FL 34450
Phone: (352) 637-1960
Facsimile: (352) 637-5960
Primary Email: lorawilsonlaw@gmail.com
*Counsel for Plaintiff*

IN THE CIRCUIT COURT OF THE
EIGHTH JUDICIAL CIRCUIT IN AND
FOR LEVY COUNTY, FLORIDA

CASE NO.:

JULIJANA PREST,

        Plaintiff,

v.

EDWARD BUDNICK, JR. and
MELISSA NASH,

        Defendants.

_____/

## **PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO**
## **DEFENDANT, MELISSA NASH**

Plaintiff, JULIJANA PREST, by and through the undersigned counsel, and pursuant to Rule

1.350, *Florida Rules of Civil Procedure*, requests Defendant, MELISSA NASH, produce and permit

the inspection and copying of the following documents, writings, and other data within forty-five

(45) days from the date of service hereof:

### **Definitions**

1.      "You," "your," "yourself" or "NASH" means Defendant, MELISSA NASH, and
others who are in possession of or may have obtained information for or on behalf of you.

2.      "Persons" means any individual, corporation, firm, association, partnership, joint
venture or any other business or legal entity, agents or representatives.

3.      "Correspondence" means all letters, memoranda, notes or other writings prepared
and/or delivered from or to Defendant, whether by mail, messenger or any other means.
"Correspondence" also includes any notes, memoranda or other writings prepared by Defendant
relating to any telephone conversations, meetings, discussions, conferences or other dialogues.

4.      "Document" means all written, reported, recorded graphic matter or
correspondence, software, computer records, magnetic memory cards, account logs, inspections,
surveys, reports, tests or examinations, rules, regulations, ordinances, guidelines, criteria or codes,
plans or specifications, statements, memoranda, files, addenda, or bulletins, time records, progress
schedules or change orders, job logs, job records or job schedules, draw or disbursement requests,

contracts, subcontracts, notes for oral agreements or informal written agreements, drawings, videotapes or photographs however produced or reproduced, now or any time in your possession, custody or control.  The document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person or public or private entity having physical possession thereof.  If a document required to be identified by these interrogatories was, but is no longer in your possession or subject to your control, state what disposition was made of it and the date or dates, or approximate date or dates, on which such disposition was made.  If a document was transferred, given or delivered to another person, identify the person.  Plaintiff references and incorporates the "Preamble" as stated above into this definition.

5.     "Identify" shall mean the following:

    a.     When used in reference to a person, identify refers to the following information: the person's name, present employer, present address, immediate supervisor, length of time employed by you, all titles or positions held with you since 1960, job description for each title or position and whether there exists a document describing such description.

    b.     When referring to a document, identify refers to the following information: Name of document, substance of document, the reasons the document was prepared, the date the document was prepared and executed, identification of the person or persons who prepared the document and identification of the present custodian of the document.

    c.     When referring to something other than a person or document, identify means to provide a description sufficient to distinguish the thing identified from other things of a similar nature.

6.     Whenever appropriate, the singular form of a word should be interpreted in the plural and vice versa.

7.     Whenever appropriate, the conjunctive term "and" should be interpreted in the disjunctive, to include the term "or" and vice versa.

8.     "The Property" refers to the property located at 16551 Heron Lane, in Cedar Key, Florida.

9.     "Subject Dock" refers to the dock located at the Property.

10.     "Subject Incident" refers to the fall on January 3, 2022, where Plaintiff fell off a dock at a rental property owned by Defendants, which is referenced in Plaintiff's Complaint.

## DOCUMENTS REQUESTED FROM DEFENDANT, MELISSA NASH

1.      Certified copies of any and all insurance policies, including the complete policy/policies with deletions, riders, exceptions, addendums, and modifications, issued to MELISSA NASH, or to any other person or entity, which may offer coverage for the injuries sustained by Plaintiff, due to the incident described in Plaintiff's Complaint.

2.      Copies of any and all written statements of any and all witnesses or persons (including, but not limited to, any witnesses to the incident and any parties) concerning the incident described in Plaintiff's Complaint. If you claim any such statements are privileged, please provide a detailed and adequate privilege log so that Plaintiff can assess the applicability of the privilege.

3.      Copies of all incident reports or any document and/or report concerning the Subject Incident. If you claim any such statements are privileged, please provide a detailed and adequate privilege log so that Plaintiff can assess the applicability of the privilege.

4.      Any and all surveys, floor plans, drawings, diagrams, plats, maps, or sketches of the incident or incident scene.

5.      Any and all surveys, floor plans, drawings, diagrams, plats, maps, blue prints, or sketches of the Subject Dock.

6.      Any and all photographs, videotapes, or movies depicting the Subject Incident.

7.      Photographs, videotapes and/or reports pertaining to surveillance of Plaintiff.

8.      Any and all records reflecting or mentioning the maintenance, repair, any work or inspection of the Subject Dock from January 3, 2022 to the present.

9.      Any and all records reflecting or mentioning the maintenance, repair, any work or inspection of the Subject Dock for the 5 years prior to January 3, 2022.

10.      Any and all records reflecting or mentioning any inspection of the Subject Dock from January 3, 2022 to the present.

11.      Any and all contracts between NASH and any other person or entity, related to the operation, inspection, monitoring, and/or maintenance of the Property in effect from December 1, 2021 to February 28, 2022.

12.      Any and all contracts between NASH and any other person or entity, related to the operation, inspection, monitoring, and/or maintenance of the Subject Dock in effect from December 1, 2021 to February 28, 2022

13.      Any and all documents reflecting or related to incidents prior to the date of the Subject Incident where an injury occurred on the Subject Dock. This request includes any and all documents which mention or contain information (including statements) regarding such incidents, and documents reflecting steps taken in response to such incidents.

14.      Any and all documents reflecting or related to complaints or statements concerning the Subject Dock.

15.      Any and all policies and procedures or other information related to the use of the Subject Dock by guests in effect from January 1, 2021 through February 28, 2022.

16.      Any and all documents which show or reference your attempts to ensure it was safe for use by guests.


**NOTE:  THE DOCUMENTS REQUESTED HEREIN ARE REQUESTED TO BE PRODUCED IN ELECTRONIC FORMAT.**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to the Defendant via service of process simultaneously together with the service of the Summons and Complaint in the above action.

Dated this 15th day of December, 2022.

/s/ Mitch Chubb
Mitch Chubb, ESQUIRE
Florida Bar No.: 99723
**CHUBB LAW, PA**
250 International Parkway, Suite 108
Lake Mary, FL 32746
Phone: (407) 777-4382
Facsimile: (407) 634-5007
Primary Email: mitch@chubbfirm.com
Secondary Email: andrea@chubbfirm.com
*Counsel for Plaintiff*

/s/ Lora Wilson, Esq.
LORA WILSON, ESQUIRE
Florida Bar No.: 98728
**Law Office of Lora L. Wilson, PL**
408 Lake Street
Inverness, FL 34450
Phone: (352) 637-1960
Facsimile: (352) 637-5960
Primary Email: lorawilsonlaw@gmail.com
*Counsel for Plaintiff*

IN THE EIGHTH JUDICIAL CIRCUIT OF FLORIDA

**STANDING CASE MANAGEMENT ORDER**

[AOSC20-23]

**THIS ACTION** is before the court for case management pursuant to AOSC20-23 (Amendment 10). Therefore, it is **ADJUDGED** that:

1.  This case is provisionally designated as a general civil case.

2.  <u>**TRIAL DATE**</u>: The projected date for a non-jury trial shall be the first regular trial term taking place one year after the date of filing. The projected date for a jury trial shall be the first regular trial term taking place eighteen months after the date of filing. A firm trial date will be established by the presiding judge when the case is at issue. Trial term dates for each civil division are published on the Eighth Judicial Circuit Court website at https://circuit8.org/court-calendars/master-calendars/.  In county court cases, any case redesignated by the trial court as a streamlined case, in cases where the parties request it, or in any other case the trial court deems it appropriate, the trial date may be adjusted to take place sooner. Judges shall apply a firm continuance policy allowing continuances only for good cause shown.

3.  <u>**SERVICE**</u>: Unless otherwise extended by court order for good cause shown, service of complaints should be completed within 120 days of filing. Requests for the addition of new parties shall be filed within 180 days of filing.

4.  <u>**DISCOVERY**</u>: Fact and expert discovery shall be completed 60 days prior to the trial date set forth above.

5.  <u>**PRETRIAL MOTIONS**</u>: Objections to pleadings and pretrial motions shall be resolved a minimum of 30 days prior to the trial date set forth above. Prior to filing ANY motion, counsel

---

Electronically Filed Levy Case #  2022000250CAAXXX 12/15/2022 03:08:45 PM

filing the motion shall confer with opposing counsel by telephone or in person in a good faith attempt to resolve the motion. The motion shall contain a good faith statement reflecting the date and time of the conference with opposing counsel. A statement that counsel attempted to confer with opposing counsel is insufficient unless the good faith statement details the date and time of at least three attempts to confer that occurred within the one-month period immediately prior to the filing of the motion.

6. **MEDIATION**: The parties shall conclude mediation at least 90 days prior to the trial date set forth above.

7. Deadlines established herein shall be strictly enforced. "Lawyers must strictly comply with Florida Rule of General Practice and Judicial Administration 2.545(a), which requires lawyers to conclude litigation as soon as it is reasonably and justly possible to do so, and the pandemic alone is not a basis for a lawyer's failure to prepare a case for trial or otherwise actively manage a case." This order may be modified at such time that the case is determined to be at issue. Fla. R. Civ. P. 1.440.

ORDERED in Alachua County, Florida, on April 23, 2021.

_____
Mark W. Moseley, Chief Judge
on behalf of all presiding Eighth Circuit civil judges

I HEREBY CERTIFY that I have read and will comply with the foregoing standing order and shall cause it to be filed and served, contemporaneously with the complaint, on all named defendants.

_____          **12/15/2022**
Plaintiff or Plaintiff's Counsel                        Date

## IN THE CIRCUIT COURT OF THE EIGHTH JUDICIAL CIRCUIRT
## IN AND FOR LEVY COUNTY, FLORIDA

JULIJANA PREST,                                      Case No.: 38-2022-CA-000250

      Plaintiff,

vs.

EDWARD BUDNICK, JR. and
MELISSA NASH,

      Defendants.

_____/

### WAIVER OF SERVICE OF PROCESS

To:   Mitchell Chubb, Esq.
      Chubb Law
      250 International Parkway, Suite 146
      Lake Mary, FL  32746
      mitch@chubbfirm.com

      I acknowledge receipt of Plaintiff's request that Defendants waive service of process in the above-styled lawsuit.  Defendants have received a copy of Plaintiff's Complaint, two copies of this waiver, and a means by which we can return the signed waiver without cost to Defendants.

      Defendants agree to save the cost of service of process in this lawsuit by not requiring that they (or the entity on whose behalf I am acting) be served with judicial process in a manner provided by Fla. R. Civ. P. 1.070.

      If I am not the party to whom the notice of the above-styled lawsuit and waiver of service of process was sent, I declare that the relationship to the entity or person(s) to whom the notice was sent and my authority to accept service on their behalf of such person(s) or entity is as follows:

David A. Mercer, Esq.
Bar No. 156035
BUTLER, WEIHMULLER, KATZ & CRAIG LLP
400 N. Ashley Drive, Suite 2300
Tampa, FL  33602
(813) 281-1900
dmercer@butler.legal
Attorney for Defendants

Defendants will retain all defenses or objections to the above-styled lawsuit or to the jurisdiction or venue of the court except for any objections on a defect in the summons or in the service of the summons.

Defendants stipulate that the effective date of this waiver of service of process shall be the date Plaintiff files it with the Clerk of this Court and understand that a judgment may be entered against Defendants if a written response is not served upon Plaintiff's counsel within 60 days from the date of the execution and filing of this waiver of service of process.

Dated this 4th day of January, 2023.

_____
DAVID A. MERCER, ESQ.
Counsel for Defendants