UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JULIJANA PREST,

    Plaintiff,                                  CASE NO.: 1:23-cv-23-AW-ZCB

v.

EDWARD BUDNICK, JR., and
MELISSA NASH,

    Defendants.
_____/

## PLAINTIFF'S MOTION TO REMAND

COMES NOW the Plaintiff, Julijana Prest, in the above-styled case, and pursuant to 28 U.S.C. §1447(c), (e), hereby moves this Honorable Court to remand this action to the Circuit Court of Levy County, Florida. This case should be remanded because the Plaintiff will be filing an amended complaint to add a Florida entity that is crucial to her case, as a Defendant. After the amendment, there will be no diversity of citizenship jurisdiction as described in 28 U.S.C. 1332 which grants federal jurisdiction over actions in which more than $75,000 is in controversy and the dispute is between citizens of different states.

## Argument and Memoranda of Law

When a case is removed on the basis of diversity of citizenship under 28 U.S.C. §§ 1441 and 1332, the defendant who removes the action has the burden of establishing that jurisdiction lies in the federal courts. *Alexander v. Electronic Data Systems,* 13 F.3d 940 (6th Cir. 1994). A removal under 28 U.S.C. § 1441(a) must be construed narrowly with all doubts concerning the Court's jurisdiction to be construed against the removing party and in favor of remand of the action. *Diaz v. Shepard,* 85 F.3d 1502 (11th Cir. 1996) and *Breckv. Prudential Ins. Co. of America,* 845 F.Supp. 829 (M.D. Ala. 1993). Remand is favored where federal jurisdiction is not absolutely clear. *Lambert v. Mail Handlers Benefit Plan,* 886 F.Supp. 830 (M.D. Ala. 1995). "Subject matter jurisdiction is an unwaivable *sine qua non* for the exercise of federal judicial power. Whether raised by the litigants or not, the federal courts, including appellate courts, are duty bound to determine jurisdiction and dismiss [or remand] any case in which it is found to be wanting." *Edgerton v. Valuations, Inc.,* 698 F.2d 1115, 1118 (11th Cir. 1983).

When federal jurisdiction as claimed "depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service." *South Dallas Water Authority v.*

*Guarantee Company of North America,* 767 F. Supp. 2d 1284, 1294 (S.D. Ala. 2011). Thus, diversity is determined by "looking at the residences of all the defendants, regardless of whether those parties have been served." *Id.,* quoting *Gibson v. Wal-Mart Stores East, LP,* 2010 WL 419393, 3 (M.D. Ga. 2010).

    A.    **There is no diversity of citizenship**

On January 3, 2022, Plaintiff, Mrs. Prest, was a guest at a rental property located at 16551 Heron Lane, in Cedar Key, Florida ("the Property"). While residing at the Property, she fell off a dock ("Subject Dock") suffering serious injuries. Defendants, Mr. Budnick and Ms. Nash ("Defendants"), are the deeded owners of the Property and reside in Pennsylvania. Based on her investigation and communications with the Defendants' counsel, the Defendants contracted with a Florida company to manage the Property on their behalf. Plaintiff believes this company is named Sandspit Company, Inc. doing business as Pelican Realty (hereinafter "Pelican Realty"). Pelican Realty is a Florida corporation with its principal address, and only location, in Cedar Key, Florida.[1]

For purposes of federal diversity jurisdiction, "a corporation shall be

---

[1] See January 16, 2023 Annual Report of Sandspit Company, Inc. attached hereto as **Exhibit 1**.

deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(l).

### B. Plaintiff intends to amend her complaint to name Pelican Realty, a Florida Company, as a Defendant

Plaintiff's original complaint filed in Levy County did not name Pelican Realty because she did not know the legal name of the property management company at the time of filing. However, along with the Complaint, Plaintiff served discovery designed to learn the identity of said company, and thereafter amend her Complaint to add same as a defendant. Plaintiff's original complaint states claims for negligence, failure to warn, and failure to maintain. Based on Plaintiff's investigation of this case, she believes Pelican Realty received multiple complaints about the Subject Dock and failed to remedy it.

The addition of the Defendant, Pelican Realty, a Florida Company, will destroy federal diversity jurisdiction. 28 U.S.C § 1332. Plaintiff requests that this Court remand this action to the Circuit Court of Levy County pursuant to 28 U.S.C. §1447(e) which states, "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the state

court."

The District Court for the Southern District of Alabama analyzed the above-cited provision in *Adams v. International Paper Co.,* 2017 WL 1828908 **(**S.**D.** Ala. 2017). In *Adams,* the plaintiffs brought an action for nuisance against one diverse defendant, and another the removing party claimed was fraudulently joined. *Id.* at l. After the case was removed, plaintiffs' counsel realized that one of the defendants was mistakenly named, while the intended defendant was an Alabama entity. *Id.* Plaintiffs dismissed the incorrect defendant and filed an amended complaint which named the proper defendant. *Id.* at 2. The plaintiffs then sought a remand based upon the presence of the newly added defendant. *Id.* at 2. In discussing 28 U.S.C. §1447(e), the Court in *Adams* stated:

> This section confers discretion upon the district court to decide whether to allow a diversity-destroying amendment in a particular case. The factors governing the exercise of that discretion include the following:
>
> (1) the extent to which the amendment's purpose is to defeat federal jurisdiction; (2) whether the plaintiff was dilatory in seeking the amendment; (3) whether the plaintiff would be significantly injured if the amendment were disallowed; and (4) other equitable considerations.

*Id.* at 3. The Court allowed the amendment, finding that the amendment was

consistent with the plaintiffs' pleadings and theory of the case. *Id.* at 4. The Court also found that the plaintiffs would be harmed if the amendment were not allowed because they would have to maintain two separate actions simultaneously. *Id.* at 5.

The same considerations from *Adams* direct this Court to remand this action to the Circuit Court of Levy County. First, the addition of Pelican Realty is not intended to defeat diversity, but, is consistent with the claims and theories put forward by Plaintiff from the initiation of this action. The current Defendants are presumably passive owners of the Property and entrust the day-to-day maintenance of the property to their in-state property management company. Additionally, as mentioned, Plaintiff has information indicating that the property management company received notice about the dangerous nature of the dock. These issues are absolutely crucial to Plaintiff's case.

Plaintiff has not been dilatory in her efforts to prosecute this action. Along with the complaint, Plaintiff served discovery on Defendants intended to discover the identity of the property management company.[2] The interrogatories requested

---

[2] Plaintiff served identical sets of Interrogatories and Requests for Production on Defendants which are attached hereto as **Exhibit 2**. Request for Production 11

the identity and contact information for every person known to have firsthand knowledge of any issues related to this case. Presumably, Defendants will list employees from their property management company.

Plaintiff has done everything in her ability to prosecute her claims and obtain information necessary to join all relevant parties to this action from the moment of filing the original complaint. As this action progresses through the discovery phase, Plaintiff expects to receive documentation providing the correct legal entity for the Property. At that point, Plaintiff will amend her complaint, destroying diversity and requiring a remand to the Circuit Court of Levy County. Retaining this matter when jurisdiction will certainly cease in the near future is a waste of the parties' efforts and this Court's limited resources.

WHEREFORE, Plaintiff respectfully requests this Honorable Court remand this case to the Circuit Court of Levy County because Pelican Realty is a Florida company and its addition to this case as a Defendant will destroy diversity.

## **LOCAL RULE 7.1(B) CERTIFICATION**

Pursuant to Local Rule 7.1(B), the undersigned counsel has conferred with

---

requests "[a]ny and all contracts between NASH and any other person or entity, related to the operation, inspection, monitoring, and/or maintenance of the Property in effect from December 1, 2021 to February 28, 2022."

counsel for Defendant and the parties were unable to resolve the contents of this motion.

/s/ Mitch Chubb
Mitch Chubb, ESQUIRE
Florida Bar No.: 99723
**CHUBB LAW, PA**
250 International Parkway, Suite 146
Lake Mary, FL 32746
Phone: (407) 777-4382
Facsimile: (407) 634-5007
Primary Email: mitch@chubbfirm.com
Secondary Email: andrea@chubbfirm.com
*Counsel for Plaintiff*