UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**JULIJANA PREST,**

    **Plaintiff,**　　　　　　　　　　　　**CASE NO.: 1:23-cv-23-AW-ZCB**

v.

**EDWARD BUDNICK, JR., and
MELISSA NASH,**

    **Defendants.**
_____/

## PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND SUPPLEMENT TO MOTION FOR REMAND

COMES NOW, Plaintiff, Julijana Prest, in the above-styled case, and respectfully moves this Court, pursuant to 28 U.S.C.A. § 1447(e) for leave to file the amended complaint which is attached as Exhibit A to this motion. The new complaint maintains the original claims, but, adds Sandspit Co. Inc. dba Pelican Realty ("Pelican Realty") as a Defendant. Pelican Realty is a Florida corporation. Because the amended complaint will destroy the diversity of the parties, Plaintiff respectfully requests that this Honorable Court remand this action to her properly chosen forum of the Circuit Court of Levy County, Florida.

## Introduction

On December 15, 2022, Plaintiff filed suit in Levy County against current Defendants Edward Budnick, Jr., and Melissa Nash based on a January 3, 2022 fall which occurred at a rental house owned by the Defendants ("the Property"). Of note, the allegations in the Complaint concerned the Property's dock ("Subject Dock") and whether or not Defendants acted reasonably in ensuring it was safe for use by guests. Importantly, prior to filing suit, Plaintiff had discovered numerous complaints about the Subject Dock from prior guests, and, had reason to believe the property management company for the Property was the party who had received these complaints.

Prior to filing suit, Plaintiff was unable to determine the name of the property management company for the Property. So, she served extensive discovery with her complaint. One of the requests for production read as follows:

> Any and all contracts between NASH and any other person or entity, related to the operation, inspection, monitoring, and/or maintenance of the Property in effect from December 1, 2021 to February 28, 2022.

(Doc. 1 at 38). Plaintiff planned to add the appropriate property management company as a party shortly after receiving a response to the above-referenced

request. However, Defendant removed this case prior to responding to discovery.

After receiving Defendants' Initial Disclosures, Plaintiff is in possession of the property management contract, and is seeking to add Sandspit Co. Inc. dba Pelican Realty as a Defendant.[1]

Plaintiff filed her pending motion to remand on March 1, 2023. (Doc. 10). Plaintiff offers this motion for leave to amend as a supplement to her pending motion to remand.

## Argument and Memoranda of Law

### I.  The Amendment Should be Allowed Pursuant to 28 U.S.C.A. § 1447(e)

District Courts routinely consider, and grant, motions to amend complaints which destroyed diversity. When an amendment to a complaint would destroy diversity jurisdiction, that amendment is governed by 28 U.S.C.A. § 1447(e), which states "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." In applying 1447(e), a Court has

---

[1] The Property management contract between Defendants and Pelican Realty is attached hereto as **Exhibit B.**

3

"only two options; (1) deny joinder; or (2) permit joinder and remand [plaintiff]'s case to state court." *Starnes Davis Florie, LLP v. GOS Operator LLC*, 2012 WL 3870413, 3 (S.D. Ala. 2012)(granting a diversity- destroying defendant to be added).

To determine whether to allow the amendment this Court should scrutinize and consider the factors set forth in *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987). In *Hensgens*, the court stated the following:

> [T]he addition of a nondiverse party must not be permitted without consideration of the original defendant's interest in the choice of forum. The district court, when faced with an amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment. ... [J]ustice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits. For example, the court should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities. The district court, with input from the defendant, should then balance the equities and decide whether amendment should be permitted. If it permits the amendment of the nondiverse defendant, it then must remand to the state court.

Id. at 1182.

A. The <u>Hensgens</u> Factors

    *a. Whether the Amendment is to defeat Federal Jurisdiction*

The first <u>Hensgens</u> factor this Court considers is the extent to which the purpose of the amendment is to defeat federal jurisdiction. In this case, Pelican Realty is absolutely crucial to Plaintiff's case because under the terms of the contract they "[m]aintain and repair interior, exterior and landscaping of Property, including making periodic inspections; purchasing supplies; and supervising alterations, modernization and redecoration of Property." Ex. A at 3. Plaintiff's allegations specifically relate to the Subject Dock and whether it was reasonably safe. Plaintiff's expert is expected to opine that the Subject Dock was in-need of improvements and safety features. Additionally, as mentioned, Plaintiff has found multiple complaints by prior guests relating to the Subject Dock, which Pelican Realty is believed to have received.

Undoubtedly, if Pelican Realty is not a defendant in this matter, the current Defendants would surely point the finger at its property management company about the dangerous nature of the Subject Dock.

    *b. Whether Plaintiff has been dilatory*

The next *Hensgens* factor this Court considers is whether plaintiff has been

5

dilatory in asking for amendment. Plaintiff has complied with all relevant deadlines in this case and has sought relief as soon as practicable. Plaintiff has not been dilatory.

> c. *Whether Plaintiff will be significantly injured without the Amendment*

As discussed above, Pelican Realty is crucial to Plaintiff's case. Additionally, if the Amendment is not granted, Plaintiff will be forced to pursue this case while simultaneously pursuing a case against Pelican Realty in state court.

> d. *Any other factors bearing on the equities*

Finally, the Court considers any other factors bearing on the equities, including whether Pelican Realty has been fraudulently joined. In order to find that a party was fraudulently joined, the Court must find that there is no possibility Plaintiff can establish a cause of action against Pelican Realty. See *Pacheco de Perez v. AT&T Company*, 139 F.3d 1368, 1380 (11th Cir. 1998)(citations omitted).

As discussed above, Pelican Realty's responsibilities were to "[m]aintain and repair interior, exterior and landscaping of Property, including making periodic inspections; purchasing supplies; and supervising alterations, modernization and redecoration of Property." Ex. A at 3. Plaintiff's allegations directly relate to a breach in these responsibilities. As such, Plaintiff's claim against Pelican Realty is proper.

6

**WHEREFORE**, Plaintiff, Julijana Prest, respectfully requests that this Honorable Court grant this Motion for Leave to Amend the Complaint and allow her to name Sandspit Co. Inc. dba Pelican Realty as a Defendant, then Remand this action to the Circuit Court of Levy County

## LOCAL RULE 7.1(B) CERTIFICATION

Pursuant to Local Rule 7.1(B), the undersigned counsel has conferred with counsel for Defendant and the parties were unable to resolve the contents of this motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed and served using this Court's CM/ECF system on this 29th day of March 2023 to: **David A. Mercer, Esq.** *(Counsel for Defendant)* Butler, Weihmuller, Katz, Craig, LLP, at: dmercer@butler.legal; tbarry@butler.legal; swittman@butler.legal.

/s/ Mitch Chubb
Mitch Chubb, ESQUIRE
Florida Bar No.: 99723
**CHUBB LAW, PA**
250 International Parkway, Suite 146
Lake Mary, FL 32746
Phone: (407) 777-4382
Facsimile: (407) 634-5007

7

Primary Email: mitch@chubbfirm.com
Secondary Email: andrea@chubbfirm.com
*Counsel for Plaintiff*